IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| **STEVEN FEDORKO** <br>   c/o 701 The City Club Building <br>   850 Euclid Avenue <br>   Cleveland, OH 44114 <br><br>     and <br><br> **CLEVELAND POLICE** <br> **PATROLMEN'S ASSOCIATION** <br>   1303 West 58th Street <br>   Cleveland, OH 44102 <br><br>            Plaintiffs, <br><br>     **-vs-** <br><br> **CITY OF CLEVELAND** <br>   601 Lakeside Avenue <br>   Cleveland, OH 44114 <br><br>            Defendant. | **C O M P L A I N T** <br><br> Trial by Jury Endorsed Hereon |

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental encroachment, punishment and retaliation in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in its application.

2. The Plaintiffs seek declaratory and injunctive relief and damages.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs under the Fourth and Fourteenth Amendment to the United States Constitution. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.

4. At all times relevant to this complaint, Defendant has acted and continues to act under color of law and under color of the statutes, ordinances, charter, regulations, customs and usages governing the government of Cleveland, Ohio.

## PARTIES

5. Plaintiff Steven Fedorko ("Fedorko") is a citizen of the United States and a resident of Northeast Ohio.

6. At all times relevant, Steven Fedorko was a police officer employed by the City of Cleveland.

7. Steven Fedorko continues to be employed as a police officer for the City of Cleveland.

8. Plaintiff Cleveland Police Patrolmen's Association ("CPPA"), is an association of Cleveland police officers which represents patrol officers and other members of the City of Cleveland's Division of Police.

9. Defendant City of Cleveland is the governmental employer of Plaintiff Steven Fedorko and a municipal corporation organized under the laws of the State of Ohio.

10. Defendant City of Cleveland negotiates with Plaintiff Cleveland Police Patrolmen's Association concerning the rights and obligations of police officers represented by the CPPA and otherwise seeks to protect the rights of police officers.

### Count I

### PRIVACY AND CLAIMS UNDER THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES ON BEHALF OF PLAINTIFF STEVEN FEDORKO

11. Plaintiffs reassert the foregoing allegations and incorporates them by reference as if fully set forth herein.

12. On March 4, 2017, Officer Fedorko responded to a report of a man, Jonathan Luton, threatening to kill his mother with a gun.

13. Officer Fedorko responded to assist Officers Joseph Tylka and Lewis Stevens who were already on scene.

14. By the time Officer Fedorko arrived, Officer Tylka had already been forced to use a taser on Luton two times.

15. After being tased, Luton managed to pull out the taser wires and escape to a nearby closet where he informed officers they would have to shoot him.

16. When Officer Fedorko arrived, he assisted in entering the closet and holding down Luton's arms which allowed the other officers to handcuff Luton.

17. While assisting in holding down Luton's arms, Officer Fedorko was kicked by Luton.

18. The kick by Luton broke Officer Fedorko's big toe.

19. After subduing Luton, he was placed in the back of a patrol car where he proceeded to kick and head butt the windows.

20. Among other crimes, Luton was charged with felonious assault for kicking Officer Fedorko.

21. On November 13, 2017, roughly eight months after his arrest, Luton called in a complaint against Officer Fedorko from the Cuyahoga County Jail.

22. Luton accused Officer Fedorko of being dishonest about the way he injured his big toe.

23. The same day the phone call was received, November 13, 2017, the Internal Affairs Unit of the Cleveland Police Department ("Internal Affairs") commenced an investigation of Officer Fedorko.

24. On December 11, 2017, as part of the investigation of Officer Fedorko, Defendant City of Cleveland obtained a search warrant for his personal cell phone.

25. On December 11, 2017, the search warrant was sought from and signed by Cuyahoga County, Ohio Court of Common Pleas Judge Brendan Sheehan.

26. On December 12, 2017, the search warrant was executed and Plaintiff Steven Fedorko's personal cell phone was taken into evidence by Internal Affairs.

27. The scope of the search warrant included all data relating to the March 4, 2017 injury sustained by Officer Fedorko and/or the arrest of Luton.

28. Defendant City of Cleveland, instead of conducting a search of Plaintiff Steven Fedorko's personal cell phone on or around March 4, 2017, examined the entire contents of his personal phone in violation of his rights against unreasonable searches and seizures prohibited by the Fourth Amendment to the Constitution of the United States.

29. Defendant City of Cleveland obtained and reviewed over 67,000 text messages and numerous photographs contained on Plaintiff Steven Fedorko's personal cell phone irrespective of the contours of the search warrant Defendant City of Cleveland obtained.

30. Defendant City of Cleveland conducted searches before March 4, 2017 irrespective of the contours of the search warrant Defendant City of Cleveland obtained.

31. Defendant City of Cleveland conducted searches well outside the scope of the search warrant it obtained.

32. As part of its unlimited search of Plaintiff Steven Fedorko's personal cell phone, Defendant City of Cleveland uncovered communications between him and the media between May 12, 2017 and July 12, 2017.

33. Defendant City of Cleveland obtained these communications with the media only through a review of his personal phone outside the scope of the search warrant.

34. Defendant City of Cleveland obtained Plaintiff Steven Fedorko's personal cell phone solely because of the search warrant.

35. The search warrant only permitted Defendant City of Cleveland to review his personal phone solely for content related the March 4, 2017 incident.

36. As part of its examination of Plaintiff Steven Fedorko's personal phone, Defendant City of Cleveland discovered "memes" about another officer of the Cleveland Police Department outside the scope of the search warrant.

37. Defendant City of Cleveland only uncovered the "memes" through the unreasonable search and seizure of his personal cell phone.

38. As part of its examination of Plaintiff Steven Fedorko's personal phone, Defendant City of Cleveland discovered that he had allegedly been involved in an unreported vehicle pursuit on May 17, 2018.

39. Defendant City of Cleveland only uncovered information concerning the alleged vehicle pursuit through the unreasonable search and seizure of his personal cell phone.

40. Information about Plaintiff Steven Fedorko's communications with media, distribution of "memes" and the alleged vehicle pursuit were all unrelated to the March 4, 2017 incident, the exclusive subject of the search warrant, and examined well beyond the scope and contours of the search warrant.

41. On March 20 2018, Defendant City of Cleveland's Internal Affairs recommended disciplinary action be taken against Officer Fedorko for sixteen separate specifications arising strictly because it violated Plaintiff Steven Fedorko's rights protecting him from unreasonable searches and seizures.

42. Of the sixteen specifications in which discipline was recommended, ten of the specifications were based on evidence obtained through the unlawful search and seizure of his personal cell phone and in violation of rights insured and protected under the Fourth Amendment to the Constitution of the United States.

43. The specifications against Officer Fedorko included:

    - Specification 8: It was determined that on May 17, 2017, you (Patrol Officer Steven Fedorko #1399) engaged in a vehicle pursuit and failed to report it to a supervisor.

- Specification 9: It was determined that on May 17, 2017, you (Patrol Officer Steve Fedorko #1399) did not activate your WCS during an unreported vehicle pursuit.
- Specification 10: It was determined that on May 13, 2017, you (Patrol Officer Steve Fedorko #1399) provided information to a media outlet about a shooting at the 1000 block of East 71 Street.
- Specification 11: It was determined that on June 1, 2017, you (Patrol Officer Steve Fedorko #1399) provided information to a media outlet about a shooting on Hillsboro Avenue.
- Specification 12: It was determined that on June 11, 2017, you (Patrol Officer Steve Fedorko #1399) provided information to a media outlet about a possible shooting on East 71 Street and Maud Avenue.
- Specification 13: It was determined that on June 15, 2017, you (Patrol Officer Steve Fedorko #1399) provided information to a media outlet for a missing child at Euclid Beach.
- Specification 14: It was determined that on June 17, 2017, you (Patrol Officer Steve Fedorko #1399) provided information to a media outlet for a male shot at 8210 Simon.
- Specification 15: It was determined that on July 12, 2017, you (Patrol Officer Steve Fedorko #1399) provided information to a media outlet for a male shot at East 110 Street and Superior Avenue.
- Specification 16: It was determined that on June 11, 2017 through June 27, 2017, you (Patrol Officer Steve Fedorko #1399) provided information on the numbers, photographs and conditions of police vehicles to a media outlet.
- Specification 17: It was determined that on or about November 16, 2017, you (Patrol Officer Steve Fedorko #1399) did create and distribute "MEMES" of a fellow employee (Patrol Officer Jovan Glass), in violation of GPO 1.1.08: Violence in the Workplace.

44. The evidence used to recommend discipline related to the foregoing ten specifications were obtained through the unlawful search of Plaintiff Steven Fedorko's personal cell phone.

45. On August 14, 2018, after a disciplinary hearing was conducted by Defendant City of Cleveland, Officer Fedorko was found guilty of the specifications identified above, among six other specifications, and was suspended without pay for thirty (30) days.

46. Officer Fedorko's punishment was broadly disseminated by Defendant City of Cleveland.

47. As a result of the acts and conduct by Defendant City of Cleveland, Plaintiff Steven Fedorko has been deprived of his personal and individual rights insured under the Fourth Amendment to the Constitution of the United States.

48. Defendant City of Cleveland knowingly and intentionally disregarded the limitations of the search warranted relative to Officer Fedorko's personal cell phone obtained under color of law.

49. Defendant City of Cleveland knowingly and intentionally violated the rights of Plaintiff Steven Fedorko insured under the Fourth Amendment to the Constitution of the United States.

50. As a result of the acts and conduct of Defendant City of Cleveland, Plaintiff Steven Fedorko has suffered loss of reputation, loss of wages, hedonic damages, emotional distress and future opportunities.

51. Plaintiff Steven Fedorko's loss is irreparable because it would be virtually impossible to restore an excellent reputation because of Defendant City of Cleveland's acts and conduct in derogation of the rights of Steven Fedorko insured under the Fourth Amendment to the Constitution of the United States.

## Count II

### PROCEDURAL AND SUBSTANTIVE DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES ON BEHALF OF PLAINTIFF STEVEN FEDORKO

52. Plaintiffs reassert the foregoing allegations and incorporates them by reference as if fully set forth herein.

53. The acts and conduct of Defendant City of Cleveland have been and continue to be arbitrary, capricious, discriminatory and in wanton and reckless disregard of the rights and feelings associated with the unlawful search and seizure of Plaintiff Steven Fedorko's protections under the Fourth Amendment to the Constitution of the United States.

54. Under color of state law, Defendant City of Cleveland freely and openly violated the privacy rights of Plaintiff Steven Fedorko where no policy or procedure exists resulting in the arbitrary, capricious and discriminatory taking of Plaintiff Steven Fedorko's personal property and securing from Fedorko information and materials to which the government of the City of Cleveland

has no right in the absence of any notice or hearing consistent with a government policy addressing constitutional search and seizure compliance.

55. Under color of state law, Defendant City of Cleveland violated search warrant parameters by intentionally and knowingly seizing and searching the personal phone where no policy or procedure exists resulting in the arbitrary, capricious and discriminatory taking of Plaintiff Steven Fedorko's personal property and securing from it information and materials to which the government of the City of Cleveland has no right in the absence of any notice or hearing consistent with a governmental policy addressing constitutional search and seizure compliance.

56. The absence of an existing constitutional search and seizure compliance policy resulted in injury because of the arbitrary, capricious and discriminatory actions by government in obtaining Steven Fedorko's personal cell phone and securing from it information and materials to which the government of the City of Cleveland had no right in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

57. As a result of the acts and conduct by Defendant City of Cleveland, Plaintiff Steven Fedorko has been deprived of his personal and individual rights insured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

58. Defendant City of Cleveland knowingly and intentionally disregarded the limitations of the search warranted relative to Officer Fedorko's personal cell phone and secured from it information and materials to which the government of the City of Cleveland had no right in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

59. Defendant City of Cleveland knowingly and intentionally violated the rights of Plaintiff Steven Fedorko insured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

60. As a result of the acts and conduct of Defendant City of Cleveland, Plaintiff Steven Fedorko has suffered loss of reputation, loss of wages, hedonic damages, emotional distress and future opportunities.

### Count III

**PRIVACY AND CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES ON BEHALF OF PLAINTIFF CPPA**

61. Plaintiffs reassert the foregoing allegations and incorporates them by reference as if fully set forth herein.

62. Plaintiff Cleveland Police Patrolman's Association ("CPPA") is an organization chartered by the State of Ohio on June 14, 1971 and organized in accordance with the laws of the State of Ohio.

63. Plaintiff CPPA, as a corporation not for profit, is a "person" under Ohio and federal law.

64. Plaintiff CPPA exists for the purpose of providing mutual aid and protection and for the education and general welfare of its police officer members.

65. Plaintiff CPPA seeks to advance its corporate objectives to pursue advocacy for its members and for the betterment of both the police and members of the community without restrictions by Defendant City of Cleveland which violate the Constitution of the United States,

66. Plaintiff CPPA is not a government agency nor does it have the ability to operate as such under color of state law.

67. Plaintiff CPPA seeks to advance the rights insured under the Constitution of the United States for the benefit of its members and the community.

68. In order to achieve the objectives of its corporate charter and the goals of its purpose and existence, Plaintiff CPPA seeks to insure the rights of due process insured under the Fourteenth Amendment to the Constitution of the United States so that its members are protected against unreasonable searches and seizures prohibited by the Fourth Amendment to the Constitution of the United States.

69. Plaintiff CPPA also has as its purpose under its charter to represent its members in matters of policy.

70. The Fourth Amendment to the Constitution of the United States guarantees persons the right to privacy and protection from unlawful searches and seizures.

71. Under color of state law, Defendant City of Cleveland freely and openly violates rights of members of the CPPA when it unlawfully seizes and searches the personal phones of CPPA members.

72. Under color of state law, Defendant regularly violates search warrant parameters by intentionally and knowingly seizing and searching the personal phones of CPPA members outside the scope of the search warrants it receives.

73. The unlawful searches and seizures of personal phones and the data which is taken from the private phones of CPPA members outside the scope of a proper search warrant is practiced by Defendant City of Cleveland as a governmental policy and practice which has resulted and continues to result in the interference, obstruction and frustration of the corporate purpose of the charter of CPPA and otherwise diminishes the ability of the CPPA to protect the rights of its members and the community at large.

74. The on-going policy under color of state law violates search and seizure rights and protections guaranteed under the Fourth Amendment to the Constitution of the United States has permitted government to practice unlawful searches and seizures outside the scope of a proper search warrant without a policy, procedure or process which is arbitrary, capricious and discriminatory.

75. The absence of on-going policy under color of state law which Defendant City of Cleveland employs arbitrarily, capriciously and discriminatorily with respect to the personal privacy rights and due process rights of its members violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States which Plaintiff CPPA is obligated to insure on behalf of its members.

76. Plaintiff CPPA is obligated to protect the due process and privacy rights of its members, consistent with its charter and corporate responsibility.

WHEREFORE, Plaintiffs urge this Court to grant the following relief:

    A. Declare that the acts and conduct of the Defendant constitute violations of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and the Fourth Amendment to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

    B. Preliminarily and permanently enjoin the Defendant, its executives, managers, and all others working in concert with them from engaging in the future in the enforcement of punishment and discipline so as to not violate the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment;

    C. Direct that Defendant establish rules and regulations with respect to procedures which afford and insure fundamental notions of fairness, due process and protection against unreasonable searches and seizures insured under the Fourteenth and Fourth Amendments to the Constitution of the United States;

D. Grant to the Plaintiffs and against the Defendant appropriate compensatory damages with statutory costs and statutory reasonable attorneys' fees as provided by federal law;

E. Grant any additional relief the Court deems just, equitable and in the public interest.

*s/Avery Friedman*
Avery Friedman   (0006103)
AVERY FRIEDMAN & ASSOCIATES
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio  44114
P: (216) 621-9282
F: (216) 621-9283
avery@lawfriedman.com

*s/Jared S. Klebanow*
Jared S. Klebanow   (0092018)
KLEBANOW LAW, LLC
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114
P: (216) 621-8230
jklebanow@klebanowlaw.com

*Attorneys for Plaintiff Steven Fedorko and Cleveland Police Patrolman's Association*

## JURY DEMAND

Plaintiffs Steven Fedorko and the Cleveland Police Patrolmen's Association hereby demand trial by jury.

/s/Jared Klebanow
Jared Klebanow